**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4219

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN PHILLIP DRAWDY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:17-cr-00905-JMC-1)

Submitted:  May 7, 2020                                    Decided:  June 17, 2020

Before GREGORY, Chief Judge, FLOYD and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Derek J. Enderlin, ROSS AND ENDERLIN, PA, Greenville, South Carolina, for Appellant.  Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Drawdy pled guilty to conspiracy to possess with intent to distribute and to distribute over 50 grams of methamphetamine or over 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846 (2018). The district court sentenced him to 264 months' imprisonment. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal but questioning whether the district court properly conducted the Fed. R. Crim. P. 11 colloquy, whether Drawdy's sentence is reasonable, and whether Drawdy's trial counsel had a conflict of interest. Although notified of his right to do so, Drawdy has not filed a pro se supplemental brief. We affirm the district court's judgment.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Because Drawdy did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir.

2

2014). To prevail under the plain error standard, Drawdy "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. In the Rule 11 context, this means Drawdy "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 569 U.S. 597, 608 (2013) (internal quotation marks omitted).

We conclude that the district court substantially complied with Rule 11 and that any omissions did not affect Drawdy's substantial rights. Moreover, the court ensured that Drawdy entered the plea knowingly and voluntarily and that sufficient facts supported the plea. *See Fisher*, 711 F.3d at 464. Accordingly, we affirm Drawdy's conviction.[1]

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To pass this review, the sentence must be both procedurally and substantively reasonable. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly

---

[1] Drawdy also questions whether the January 2018 detention hearing affected his decision to plead guilty, considering a Government witness' testimony at that hearing about a photograph of a firearm and related text messages recovered in a search of Drawdy's cell phone. Drawdy, however, did not plead guilty to any firearm charge.

calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Drawdy questions whether the district court properly used two of his previous state convictions in calculating his criminal history score and applicable Guidelines range. Drawdy points out that it is unclear whether he had an attorney during the relevant state court proceedings. However, even if the district court erroneously assessed criminal history points for these convictions, any error is harmless. The presentence report placed Drawdy in criminal history category III. Without the two points assessed for the challenged convictions, Drawdy would have a total of three criminal history points and move down to criminal history category II. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A (sentencing table) (2016). But even with a criminal history category of II, the applicable Guidelines range was the same: 360 months to life. *See id.* Drawdy was sentenced to a downward variance term of 264 months' imprisonment. Accordingly, we conclude that the district court committed no significant procedural error in this regard and otherwise correctly calculated the Guidelines range, adequately responded to Drawdy's sentencing arguments, applied the § 3553(a) factors, and explained its reason for the chosen sentence. We therefore conclude that the sentence is procedurally reasonable.

We further conclude that the sentence is substantively reasonable. The 264-month sentence is below the Guidelines range, and there is nothing in the record to rebut the

presumption of reasonableness therefore accorded to it. *See Louthian*, 756 F.3d at 306. Accordingly, we affirm Drawdy's sentence.[2]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Drawdy, in writing, of the right to petition the Supreme Court of the United States for further review. If Drawdy requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that he served a copy thereof on Drawdy.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] To the extent Drawdy raises a claim of ineffective assistance of counsel, we decline to consider this argument on direct appeal. *See United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016) (providing standard).